UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20977-CIV-ALTONAGA

**THEOPHILUS KEATON**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

## ORDER

**THIS CAUSE** comes before the Court on *pro se* Movant, Theophilus Keaton's Motion Under 28 U.S.C. [Section] 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Second Motion") [ECF No. 1], filed on January 23, 2026. Movant attacks the constitutionality of his conviction and sentence in case number 11-cr-20663. (*See generally* Second Mot.). For the following reasons, the Second Motion is dismissed as an unauthorized successive motion to vacate.

On April 7, 2014, Movant docketed his initial section 2255 motion to vacate. *See generally Keaton v. United States*, No. 14-cv-21230, Mot. Under 28 U.S.C. [Section] 2255 . . . ("First Motion") [ECF No. 1] filed Apr. 7, 2014 (S.D. Fla. 2016). As he does in his Second Motion, Movant collaterally attacked his conviction and sentence in case number 11-cr-20663, raising various claims of trial court error and ineffective assistance of counsel. *See generally id*. The Court denied all grounds in Movant's First Motion on the merits. *See generally id*., Order Adopting Report . . . [ECF No. 25] filed May 4, 2015.

"[T]o file a . . . successive [section] 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."

*Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (alterations added; citing 28 U.S.C. § 2244(b)(3)(A)). "Without such authorization, the district court must dismiss a . . . successive [section] 2255 petition for lack of jurisdiction." *Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021) (alterations added; citation omitted). Absent authorization from the Eleventh Circuit, the Court only has jurisdiction to entertain another section 2255 motion if there has been "a new judgment intervening between the two habeas petitions," *Magwood v. Patterson*, 561 U.S. 320, 341 (2010) (quotation marks and citation omitted), in which case "an application challenging the resulting new judgment is not second or successive at all[,]" *id.* at 341–42 (alteration added; quotation marks omitted).

Movant's instant attempt at relief under section 2255 is an unauthorized successive motion to vacate. Once again, he challenges the criminal judgment in case number 11-cr-20663 — the same judgment underlying his First Motion that the Court denied and dismissed. (*Compare* First Mot., *with* Second Mot.). Further, the Court has not issued a new judgment in case 11-cr-20663 since it adjudicated Movant's First Motion. *See generally Keaton*, No. 11-cr-20663, Dkt. Thus, until Movant applies to and receives permission from the Eleventh Circuit to file a successive application, the Court lacks jurisdiction to consider his Second Motion. *See Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (citing 28 U.S.C. § 2244(b)(3)(A)); 28 U.S.C. § 2255(h).

Accordingly, it is

**ORDERED AND ADJUDGED** that *pro se* Movant, Theophilus Keaton's Motion Under 28 U.S.C. [Section] 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[ECF No. 1]** is **DISMISSED** for lack of jurisdiction as an unauthorized successive section 2255 motion. No certificate of appealability will issue. The Clerk shall **CLOSE** the case.

CASE NO. 26-20977-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 19th day of February, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    Movant, *pro se*